**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5247**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

THERON JERMAINE THOMPSON, a/k/a Freak,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (4:08-cr-00004-FL-1)

Submitted:  October 29, 2009      Decided:  December 1, 2009

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James M. Ayers II, New Bern, North Carolina, for Appellant.
Anne Margaret Hayes, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theron Jermaine Thompson pled guilty, without a plea agreement, to conspiracy to possess with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), three counts of possession with intent to distribute five grams or more of crack cocaine, and distribution of an unspecified quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Thompson to 320 months of imprisonment, five years of supervised release, a $10,000 fine, and a $500 special assessment, and Thompson timely appealed. On appeal, counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in enhancing Thompson's offense level for possession of a firearm and for a management role in the offense. Thompson has also filed a pro se supplemental brief. The Government declined to file a brief. We affirm.

This court reviews a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory

2

Guidelines range, this court must then consider whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally this court reviews the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 128 S. Ct. at 597).

Thompson argues that the district court erred in enhancing his sentence for possession of a firearm, noting that the authorities did not find a firearm in his possession, and asserting that the evidence used by the district court was too unreliable to support the enhancement. The district court's determination that the defendant warrants a sentence enhancement is reviewed for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). The Guidelines provide for a two-level enhancement of a defendant's offense level for drug offenses "[i]f a dangerous weapon (including a firearm) was

3

possessed," and explain that the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S. Sentencing Guidelines Manual (USSG) § 2D1.1(b)(1), comment. (n.3) (2008). "In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity." United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). The Government need not prove the possession of a firearm beyond a reasonable doubt, as the standard of proof at sentencing is a preponderance of the evidence. United States v. Brooks, 524 F.3d 549, 562-63 (4th Cir. 2008). Our review of the record leads us to conclude that the evidence was sufficient to support the enhancement, and the district court did not err in imposing it.

Counsel next argues that the court erred in imposing the three-level enhancement for Thompson's role in the offense. A "court's ruling regarding a role adjustment is a factual determination reviewed for clear error." United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009). A defendant qualifies for a three-level enhancement if he "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). "Leadership over only one other participant is sufficient as long as there is some control

4

exercised." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003). We conclude that the evidence was sufficient to establish that Thompson was a manager or supervisor of a criminal activity that involved at least five individuals. The district court properly imposed the leadership enhancement.

In accordance with Anders, we have examined the entire record for any meritorious issues and have found none. We have considered the arguments in Thompson's pro se supplemental brief and find them to be without merit. Accordingly, we deny Thompson's pro se "motion for leave of court for prepayment of forensic chemist," deny his pro se "motion for leave of court for discovery and/or correction of the record," deny counsel's motion to withdraw from representation, and affirm Thompson's convictions and sentence. This court requires that counsel inform Thompson, in writing, of the right to petition the Supreme Court of the United States for further review. If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thompson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED